

FILED - USDC -NH
2024 SEP 3 PM 04 4

9173

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


Josephine Amatucci

v.

Town of Wolfeboro, Selectmen, Town Manager


### JURISDICTION

1.    This action is brought pursuant to 42 U.S.C. 1983 .

### PARTIES

2.    Town of Wolfeboro

3.    Selectmen, Murray et al

4.    Town Manager, Pineo


### COMPLAINT INTRODUCTION

5.    This case does not revisit "Filing Restrictions" this case is ONLY based on a violation of the Plaintiff's Civil Rights by the defendants, a claim that was never adjudicated, or ruled on, by the court, therefore, there is no res judicata effect on this claim.

6.    The Court never ruled on the violation of the Plaintiff's Civil Rights Under

1

Supervisory Liability.  A claim based on  Monell v. Dept. of Social Serrvices 436 U.s. 658

(1978),   where the  U.S. SUPREME COURT held:

    "Local government is a "person"  subject to suit under Section 1983 of Title 42

of the U.S. Code".

7.     This case is  based on and under  "Supervisory liability"  under 1983,

and..... NOT.... NOT  on a ......PREDICATED  RESPONDEAT THEORY.....  but only on

the basis of the supervisor's  acts or  omissions.  See Aponte Matos v. Toledo Davila, 135 F.3d

182, 192 (lst cir. 1998). Supervisor's  "a prime mover's behind,  the underlying violation."

Camilo-Robles v. Zapata,  175 F. 3d 41, 43-44 (lst cir. 1999).  An affirmative link,  THROUGH

CONDUCT THAT AMOUNTS TO CONDONATION OR TACIT AUTHORIZATION.

8.     Please see the evidence submitted to the court showing,  proving,  how the town

condoned or  authorized the improper actions of the police.

9.     The evidence submitted in this lawsuit showing where the policymakers the

Town Selectmen and the Town Manager,  had actual constructive knowledge of the

misconduct of the police,  yet did nothing to end the practice.  Miller v. Kennebec County, 219

F.3d 8, 12 (lst Cir. 2000) (Bordanaro v. McLeod,  871 F.2d 1151, 1156 (lst Cir.),  Everett v.

Bordanaro,  493 U.s. 820 (1989).

10.     That the custom of the defendants,  to deny Police misconduct over the years,

was the "moving force"  behind the deprivation of my constitutional rights.

11.     That the defendants knew,  the Plaintiff made them aware of the misconduct

of the police,  and they failed to remedy the wrong,  refused to remedy the wrong.  Which

created a custom under which  UNCONSTITUTIONAL  practices occurred,  which allowed

the continuance of  such a policy/custom. That the Plaintiff proved that the defendants

were grossly negligent in supervising  the police and in doing so committed:

2

"DELIBERATE INDIFFERENCE"

WHEREFORE:     With the evidence before the Court and  considering the age of the Plaintiff
allowing  a speedy trial under the Sixth Amendment rights,  this Court will,  must,  is ordered
under the law,  to  place this case  before a jury of her peers for damages for Supervisory
Liability as allowed under 1983.

Respectfully,

Josephine Amatucci

August 30, 2024

c.   Town of Wolfeboro

*Josephine Amatucci*

Josephine Amatucci
PO Box 272
Wolfeboro Falls, NH 03896

MANCHESTER NH  030

30 AUG 2024  PM 3  L



United States District Court
District of New Hampshire
Office of The Clerk
55 Pleasant Str
Room 110
Concord, N.H. 03301

03301-394135