9173



UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Josephine Amatucci

v.   *Case 24-FP-284*

Town of Wolfeboro, Selectmen, Town Manager

### JURISDICTION

1. This action is brought pursuant to 42 U.S.C. 1983 .

### PARTIES

2. Town of Wolfeboro, *Officially*
3. Selectmen, Murray et al , *Individually*   ← *No immunity*
4. Town Manager, Pineo  *Individually*

### COMPLAINT INTRODUCTION

5. This case does not revisit "Filing Restrictions" this case is ONLY based on a violation of the Plaintiff's Civil Rights by the defendants, a claim that was never adjudicated, or ruled on, by the court, therefore, there is no res judicata effect on this claim.

6. The Court never ruled on the violation of the Plaintiff's Civil Rights Under

1

Supervisory Liability. A claim based on Monell v. Dept. of Social Serrvices 436 U.s. 658 (1978), where the U.S. SUPREME COURT held:

"Local government is a "person" subject to suit under Section 1983 of Title 42 of the U.S. Code".

7.      This case is based on and under "Supervisory liability" under 1983, and..... NOT.... NOT on a ......PREDICATED RESPONDEAT THEORY..... but only on the basis of the supervisor's acts or omissions. See Aponte Matos v. Toledo Davila, 135 F.3d 182, 192 (lst cir. 1998). Supervisor's "a prime mover's behind, the underlying violation." Camilo-Robles v. Zapata, 175 F. 3d 41, 43-44 (lst cir. 1999). An affirmative link, THROUGH CONDUCT THAT AMOUNTS TO CONDONATION OR TACIT AUTHORIZATION.

8.      Please see the evidence submitted to the court showing, proving, how the town condoned or authorized the improper actions of the police.

9.      The evidence submitted in this lawsuit showing where the policymakers the Town Selectmen and the Town Manager, had actual constructive knowledge of the misconduct of the police, yet did nothing to end the practice. Miller v. Kennebec County, 219 F.3d 8, 12 (lst Cir. 2000) (Bordanaro v. McLeod, 871 F.2d 1151, 1156 (lst Cir.), Everett v. Bordanaro, 493 U.s. 820 (1989).

10.     That the custom of the defendants, to deny Police misconduct over the years, was the "moving force" behind the deprivation of my constitutional rights.

11.     That the defendants knew, the Plaintiff made them aware of the misconduct of the police, and they failed to remedy the wrong, refused to remedy the wrong. Which created a custom under which UNCONSTITUTIONAL practices occurred, which allowed the continuance of such a policy/custom. That the Plaintiff proved that the defendants were grossly negligent in supervising the police and in doing so committed:

## "DELIBERATE INDIFFERENCE"

WHEREFORE:   With the evidence before the Court and considering the age of the Plaintiff allowing a speedy trial under the Sixth Amendment rights, this Court will, must, is ordered under the law, to place this case before a jury of her peers for damages for Supervisory Liability as allowed under 1983.

Respectfully,

Josephine Amatucci

August 30, 2024

c.   Town of Wolfeboro

*Josephine Amatucci*