FILED - USDC -NH
2024 OCT 7 PM 2:08

The United States District Court
District Of New Hampshire

Josephine Amatucci
v.
Town of Wolfeboro, Selectmen, Town Manager

Case 24-FP-284

Motion For Consolidation, Judgment As A Matter Of Law

1. The Plaintiff is asking that the Court consolidate all past cases, filed against the Town Officials, by the Plaintiff, to this new cause of action, which relates, to the continuing course of conduct, of INACTION, by the Defendants, where with actual constructive knowledge of Misconduct by the Police and Town Officials, against the Plaintiff over the years, did nothing to end the practice, where the Plaintiffs complaints of misconduct were found instead to be vexatious by the defendants, in denial of her Federal Constitutional Rights under Due Process, under her legal rights, under Section 1983 of Title 42 of the United States Code, under SUPERVISORY LIABILITY. Where instead of protecting the Plaintiff, the Defendants accused her, and filed a lawsuit against her, accusing her of being a FRIVILOUS LITIGATOR ----- For accusing the Police and Local Authorities, in violating her Federal Constitutional Civil Rights. Where in a continuing conduct of the courts, the courts NEVER ruled on the violation of her Federal Civil Rights claims when making a ruling in the Frivolous Litigator Complaint, in violation of her Federal Rights by the Defendants.

Page 1

2. That under this claim of/under Monell v. Dept. of Social Services 430 U.S. 658 (1978) and Pembaur v. City of Cincinnati 475 U.S. 469 (1986) the United States Supreme Court established that Municipalities can be held liable, even for a single decision that is improperly made. Acts where a Policymaking authority of the Municipality "Sanctioned" adopted a particular cause of action. Where the Supreme Court held that "local government is a "Person" subject to suit under section 1983 of Title 42 of the United States Code.

3. This is a Monell claim, where the courts never addressed, litigated or ruled on a Federal Constitutional right of the Plaintiff, under the 4th and 14th Amendment of Due Process. Where in a continuing conduct, instead the courts only ruled on local procedure rules, such as local restrictions, which do NOT override the Federal Constitutional Rights of the Plaintiff, where there is NO IMMUNITY.

4. Where under a Judgment of a matter of law this Court will/not cannot deny the Plaintiff her claim of the violation of her Federal Civil Rights.

Respectfully,
Josephine Amatucci
October 4, 2024
C. Town

Page 2

# The Granite State News

THURSDAY, AUGUST 27, 2015 — ESTABLISHED 1859 — WOLFEBORO, N.H. GRANITESTATENEWS.C(

## Amatucci continues on her quest to remove police ch

BY THOMAS BEELER
Editor



JOSEPHINE AMATUCCI addresses the Wolfeboro Police Commission at their Aug. 20 meeting.
ELISSA PAQUETTE

WOLFEBORO — Last week Wolfeboro resident Josephine Amatucci came to the meetings of both the Board of Selectmen and the Police Commission to make her case for public hearings on alleged police misconduct.

Lately the police misconduct Amatucci refers to was a series of incidents on May 7, 2014 where she first complained to Police Chief Stuart Chase about a traffic ticket given to her and, when Chase refused to take any action and asked her to leave, she went to Town Hall to complain to Town Manager Dave Owen, who was not present. She became upset and was asked to leave by Acting Town Manager Rob Houseman. She then left to drive to Ossipee to complain to the sheriff and was arrested for speeding and disobeying an officer on Route 28.

Amatucci's older police grievance dates back to 2003 when she was arrested on the complaint of a neighbor, who then failed to appear in court to press charges.

At the first selectmen's meeting in August on Aug. 5, during public comment Amatucci demanded that the topic of "criminal acts of police" be on the agenda for the next meeting or a public forum held that would allow her to air her grievances. She also demanded that the town establish a policy on criminal acts of police that would include misdemeanors – "zero tolerance" for police misconduct.

On Aug. 11 Amatucci put her demand in writing to selectmen. "I am very serious about my right to be put on the Agenda at the August 19th meeting or in a special forum, to debate and Redress my Grievances about police misconduct in front of the Selectmen. Under the First Amendment I have this right to....debate....the issue on how the town will address intentional and unlawful criminal acts and misdemeanors by the police." She repeated her dem "a Mandatory I Standard of I al" personnel pc police and atta letter she said s sending the "the dated Aug. 10 as coverage of the meeting where s demand a resp her requests.

No copy of t quest was sent Granite State N cannot get any c in my local new the Granite State The Editor, Mr. keeps my conver at the Selectmer ings from the r pers. He does nc the public to hea police misconduc

At the Aug. only representa the media, outsid eographer Peter of Wolfeboro Con SEE AMATUCCI P.



#2

February 4, 2022

Josephine Amatucci
P.O. Box 272
Wolfeboro, NH 03896

Subject: Your Request for Agenda Time on Board of Selectmen's Meeting in non-public

Dear Ms. Amatucci:

The Board of Selectmen is not disposed to grant you agenda time at their next meeting in non-public session to further air your views about the Wolfeboro Police Department and the incident at the Solid Waste Facility for the following reasons:

- First, as you know, the Board of Selectmen has no authority or involvement in the hiring or firing or disciplining of Police Officers. In fact, it would be illegal for the Board of Selectmen to try to interfere in those matters which are under the jurisdiction of the Wolfeboro Police Commission pursuant to RSA 105 C:4. You have been informed by us many times that you need to address your issues and concerns to the Wolfeboro Police Commission. It would simply be a waste of time for the Board of Selectmen to grant you agenda time for a matter that falls outside their jurisdiction.

- Secondly, your hearing to discuss the "investigation of the event at the dump" is denied as the matter has been investigated to the extent the town deems necessary and does not believe any further investigation is warranted as this issue has been litigated.

For all of the above reasons, the Board of Selectmen decline to provide you agenda time at their next meeting. However, should any new issues or concerns arise please feel free to contact us.

Sincerely,

_____    _____    _____
James S. Pineo, Town Manager    Linda T. Murray, Chair    David Senecal, Vice Chair


_____    _____    _____
Brad Harriman    Brian Deshaies    Luke Freudenberg

state law.[21] For all practical purposes, the "color of state law" requirement is identical to the "state action" prerequisite to constitutional liability.[22]

(iii)    "... subjects or causes to be subjected..."

Section 1983 does not impose a state of mind requirement independent of the underlying basis for liability,[23] but there must be a causal connection between the defendant's actions and the harm that results.[24] In order to hold a local government liable under section 1983, the Supreme Court has interpreted this causation element to require that the harm be the result of action on the part of the government entity that implemented or executed a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers, or the result of the entity's custom.[25] Further, the entity's policy or custom must have been the "moving force" behind the alleged deprivation.[26] This "custom or policy" requirement is a dramatic departure from the rule of respondeat superior that prevails in many common law actions.[27]

A local government is said to have an unconstitutional policy when it fails to train its employees, and the failure to train amounts to deliberate indifference to an obvious need for such training, and the failure train will likely result in the employee making a wrong decision.[28] An unconstitutional policy may also exist if an isolated action of a government employee is dictated by a "final policymaker,"[29] or if the authorized policymaker approves a subordinate's decision and the basis for it.[30] However, a supervisor can only be liable in his individual capacity if he directly participates in causing the harm--relying upon respondeat superior is insufficient.[31] The Supreme Court has rejected the notion that a plaintiff must meet a