FILED - USDC -NH
2024 NOV 7 AM 11:22

**9194**

# THE UNITED STATES DISTRICT COURT

# DISTRICT OF NEW HAMPSHIRE

Josephine Amatucci

v.

Town of Woleboro, Selectmen, Town Manager        Case 24-cv-00284-SM-TSM

## A SUMMARY JUDGMENT

## JUDGMENT AS A MATTER OF LAW

1. Steven McAuliffe the judge in this case was an .....ASSISANT ATTORNEY GENERAL in New Hampshire, and the firm which represents the Town consists of former employees of the Attorney Generals office. Certainly there is a CONFLICT OF INTEREST.

2. Therefore, this case is going directly before a jury of her peers for disposition, for money damages allowed under 1983 in a violation of the Federal Constitution. Directly to a jury trial as the Judge's of this Court are bias and have in a continuing conduct have refused to rule on the Plaintiff's claims under based on the violation of the FEDERAL CONSTITUTION under 1983. Where instead her claims are ignored, and the Court continuously dismisses the Plaintiff's Constitutional claims against the Town, by basing her claims under a violation of lccal procedures, which do not override one's Constitutional claims. When the Court acts inconsistent with Due Process. See the case of Holstein v. City of Chicago (1992), acted in a manner inconsistent

1

with Due Process, People v. Wade, (1987);

3. Evidence does NOT LIE, the Plaintiff has submitted enough exculpatory evidence of deliberate indiffernce actions of the Town, to the Court, evidence that recognize's a viable claim for a volation of her Civil Rights by the town of Wolfeboro, eta al.

4. As mandated Under the law, the court will put this case directly to a jury for a trial of my peers, where the Plaintiff's claims cannot/will not be adjudicaed by bias procedures of this Court. In defense of police misconduct.

5. That evidence submitted to the Court of decisions by the judges of this court verifies that the Court, the judges, in a continuing conduct, are bias and prejudice to the Plaintiffs claims, when they ignore and refuse to adjudicate claims of FEDERAL CONSTITUTIONAL violations , under 1983, That this bias of the Court is a defect of jurisdiction, in a continuing conduct, wherey the judges of the court lost ...... JURISIDICTION.... TO RULE ON THIS CASE. ..........."LOST ALL JURISDICTON".........when they denied the Plaintiff my Due Process rights, they were committing treason. They were not acting in a judicial function and which their inactions conflicts with any definition of a Judicial function. In a Violation of the Oath of Office and canons of the Judicial Code of Conduct. As a government is limited by the Federal Constitution, where the violation of a citizens rights should never be justified . And where the Court ....lost jurisdction.... when the judges did not folllow the law they then lost jurisdiction to rule on this case, and any of their Oders are VOID, OF NO LEGAL FORCE.

6. Defense of lack of jurisdiction may be raised at any time. Basso v. Utah Power & Light Co. 495 F.2d 906, 910. There is no discretion for this Court to ignore lack of jurisdiction. See Joyce v. U.S. 474 2D 215.

7. Under the law this case is going directly to a jury of her peers, therefore there is no

NO RES JUDICATA OR COLLATERAL ESTOPPEL involved in the Plaintiff's claims in this case. As although the Plaintiff addressed the issue of deliberate indifference by the Town officials in past complaints, her claims were never adjudicated on the merits of a deliberate indifference action, under 1983, a claim in violation of her FEDERAL CONSTITUTION, Rights, under the LAW OF THE LAND, under the Fourth and Fourteenth Amendments of ........'DUE PROCESS".

8.      And also under the SUPREMACY CLAUSE, (Article V1, Clause 2) which holds that ......all laws enacted by state government must comply with the Constitution, and that any law enacted by a state that CONFLICTS with Federal Law, the Federal Law must be applied. Res Judicata and/or Collateral Estoppel, state laws, do not override the Plaintiff's covo; rights

9.      That a Federal Constitutiomal claim cannot be ignored or overruled by local filing restrictions, as they do not override a Federal Constitutional claim. See Article 15 of NH State Government regarding the right of the accused, which states that no person shall be deprived of their liberty but by the judgment of his peers, or the Law of the LAND, under the SUPREMACY CLAUSE. That the State has no power to impart on the defendants any immunity

from responsiblity according to the Supreme Authority of the United States which states that : "The Court cannot restrict the Plaintiff from filing a violation of her Federal Constitution, under or by applying restrictions allowed under State procedural law. That the United States Court of Appeals in the case of Pavilonis v. King (1980) stated that "Access to the court's is a.......... FUNDAMENTAL TENET OF OUR JUDICIAL SYSTEM ; that legitimate claims must receive full and fair hearing no matter how litigious that Plaitiff may be. "State v. Statton" , Sherar v. Cullen 481 (1973) stated "There can be NO SANCTION or penalty imposed upon one bacause of his EXERCISE OF HIS CONSTITUTIONAL RIGHTS".

Also, see .... American Express Travel v. Moskoff, (1999) which states that New Hampshire cases be decided on their merits and ...."rules of procedure"...WILL NOT BE BARRIERS OR TRAPS preventing justice.

THE SUPREMACY CLAUSE

10..     Wherefore:  where the Courts rulings in a continuing conduct are bias and where Constitutional rights are continuously ignored by the judges,  this case as allowed UNDER THE LAW, is going directly to a jury of her peers for determination of her FEDERAL CIVIL RIGHTS.  As allowed under the SUPREMACY LAW.

11.     As the court's filing restrictions are an .....ADMINISTRATIVE ....procedure that conflicts with a Constitutional violation of DUE PROCESS, the filing restriction does not override the right to a Federal Constitutional Claim under 1983.   Carey v. Piphus. And in the case of Davis v. Wechsler the court stated, "Where rights secured by the Costitution are involved, there can be no ruling, that would abrogate them. (no filing restrictions). The state courts may deal with what they think is proper in local matters, but they cannot treat it as defeating a plain assertion of a Federal Right." Ward v. Love County.  That if the Constitution and laws of the United States are to be enforced, the Court cannot accept as final the decision " of the STATE TRIBUNAL.

12.     Justice Brenan's opinion in Pembaur v. Cincinnati, 475 U.S. 469, 483-84 (1986) put it:

"A municipal liability under 1983 attaches where and only where a DELIBERATE choice to follow a cause of action is made from among various alternatives," by the policymakers. See also Oklahoma City v. Tuttle, 471 U.s. at 823. (opinion of Rehnquist, J.) "Where a "deliberate " or "conscious" choice by a municipality -a "policy" constituted a violation of a Federal Constitutional Right under 1983, in a denial of her Due Process rights

13.     Deliberate Indifference is a CLEARLY ESTABLISHED legal standard under a 1983 claim when alleging a violation of a CONSTITUTIONAL RIGHT.  It is a state of mind wher a state actor is awre of the harm to an individual and consciously DISREGARDS that risk by failing to take appropriate action.  In CONSCIOUS DISREGARD.  See the case of Wellman v. Faulkner  715 F. 2d 269, 272 (7th Cir. 1983) where the Court stated "DELIBERATE INDIFFERENCE" can be evidenced by "proving there are such systemic and gross DEFICIENCIES" of reckless disregard.

14.     For Municipal liability and supervisory liability,  see the case of the CITY OF CANTON

4

Ohio v. Harris and MONELL V. NEW YORK, where there was an intentional refusing to respond to complaints constituted DELIBERATE INDIFFERENCE. Whee the elements of a Monell claim is (1) the DEPRIVATION of a Federal Right; (2) Government inaction that can be traced to the DEPRIVATION in policy and or custom, (3) a policy or custom demonstragting the government entity's fault regarding their DELIBERATE INDIFFERNCE; (4) Municipal INACTION that was the moving force of the Federal Violation. Stating that the policymakers were DELIBERATELY INDIFFERENCE t the obvious cnsequences of the custom. See the case of Thomas v. Cook city v. Sheriff's Dept. (th cir. 2006). Not one or two mishaps but evidence of stystemic deficiencies, of failure to supervise . Oozzo v. Dart (th cir. 2023) .

15.     Section 1983 liability is imposed on a government entity when the final-decision making authority (town Selectmen, town Manager) is directly resposible for the deprivation. Gernetzke v. Kensosha Unified School Dist. (7th Cir. 2001). Where Deliberate Indifference is the inactins to the moving force driving this deprivation. Where there are not just isolated claims, and therefore cannot be disposed. But a continuous conduct of the Town Officials, year after year, occasion after occasion of DELIBERATE INDIFFERENCE of police misconduct. And Plaintiff is asking that the Court consolidate all past cases she filed against the Town Official, to this new cause of action, showing the many instances where the Town officials denied police misconduct, for years and did nothing to end the practice, where the Plaintif's complaints of misconduct were found instead to be VEXATIOUS by the town officials, in denial of her Federal Constitutional Rights UNDER DUE APROCESS, under her legal rights allowed under Section 1983 of Title 42 of the U.s. Code, under Supervisory Liability. Where instead of protecting her, an ELDERLY person, the Town officials accused her and filed a lawsuit against her accusing her of being a ......FRIVOLOUS LITIGATOR ......citing decisions made by the courts, decisons that in a continuous conduct of her Complaints, the Coruts

never reached her claims under the violations of the FEDERAL CONSTITUTION, of her Civil Rights, but instead the Courts dismissed her claims against the Town based on local procedures, which DO NOT OVERRIDE the rights she claims under the violation of the FEDERAL CONSTITUTION, the law of the land.

16.	Therefore, where the merits of her Civil Rights claims were never addressed in the past lawsuits, there is NO RES JUDICATA, NO COLLATERAL ESTOPPEL, and in violation of one's civil rights under 1983 there is NO IMMUNITY.

## A MONELL CLAIM

17.	Under a claim based on Monell v. Dept. of Secoial Services 430 U.s. 658 (1978), and Pembaur v. City of Cincinnati 475 U.S. 469 (1986) the ......."UNITED STATES SUPREME COURT " established that municipalities can be held liable even for a SINGLE DECISION that is improperly made. Acts where a policymaking authority of the municipality "SANTIONED" adopted a particular cause of actiom. Where the Supreme Court held that "LOCAL GOVERNMENT IS A 'PERSON' subject to suit under Section 1983 of Title 42 of the U.s. Code.

18.	That the INACTION of the Town was he moving force behind the Federal Constitutional Violation. This case is under a Monell Doctrine, which allows a Plaintiff to sue an officer's municipal employer for UNCONSTITUTIONAL policies and practices of the officers misconduct. Under a well-established law that holds that municipalities are not entitled to either absolute or qualified immunity in actions brought under Section 1983 of the CIVIL RIGHTS ACT, or through the relevant law uded by Plaintiffs to seek recovery for alleged violations of their CONSTITUTIONAL RIGHTS such as DELIBERATE INDIFFERENCE. And even when an officer may be immune from liability under the doctrines of absolute or qualified immunity, the Plaintiff will still be able to make a valid claim against the officer's employer. Section 1983 vests every person with a right to sue a local government operating

under the color of law, for constitutional violations, as a DELIBERATE link of INDIFFERENCE to the unconstitutional acts of the defendants. To sue under 1983 for a Fourteenth Amendment Due Process deprivation, for Deliberate Indiffernce. As DELIBERATE INDIFFERENCE is a CLEARLY ESTABLISHED legal standard under a 1983 claim when alleging a violation of a Constitutional right. It is a state of mind where a state actor is aware of the risk of harm to an individual and CONSCIOUSLY DISREGARDS that risk by failing to take APPROPRIATE ACTION. Due to a ........'CONSCIENCE DISREGARD'......of their needs. That they had actual knowledge of the harm and chose to IGNORE IT. See the case of Wellman v. Faulkner 715 F.2d 269, 272 (7th Cir. 1983) where the Court stated ............."DELIBERATE INDIFFERENCE"............can be evidenced by "proving there are such systemic and gross deficiencies" in reckless disregard.

19.     In the case of Pembaur v. City of Cincinnati, the Court clarified the liability of municipalities under U.S.c. 1983, established that Municipalities can be held LIABLE even for a .........SINGLE DECISON......that is improperly made, when in the violation of the Fourth and Fourteenth Amendments. The Supreme Court stated, "The "official policy " (DELIBERATE INDIFFERENCE) requirement of Monell v. New York City Department of Social Services was intended to distinguish acts of the Municipality from acts of the Municipality employees. And therefore made it clear that Municipal Liability is limited to actions to which the MUNICIPALITY is actually responsible. "Of the Municipality", or actions that the Municipality SANTIONED. (DELIBERATE INDIFFERNCE).

20.     The Plaintiff presented to the Court evidence of a FRONT PAGE newspaper article showing the Plaintiff demanding the Town to investigate Stuart Chase, and the evidence of the response of the Town Manager refusing to investigate, evidence that shows that it is CLEARLY ESTABLISHED, that the Town refuses to invesigate police misconduct. This

evidence is enough for a jury trial for damages. As the evidence shows that the Town's policymakers were aware of police misconduct, but that they were deliberately indifferent. In a depriveaion of my Federal Rights. Where their INACTION is the MOVING FORCE in this case.

21. The United States SUPREME COURT in the case of Monell v. New York City Department of Social Services. which is what this case is based on the court focused on ....." SOLELY".....on the CONSTITUTIONAL CONDUCT of municipal policymakers. In 1989 in the decision of the City of Canton, Ohio v. Harris, the Court adopted a standard based on .......DELIBERATE INDIFFERENCE.....by city policymakers to the constitutional rights of persons contacted by police officers. Therefore this case is regarding a CLEARLY ESTABLISHED pattern/policy of the defendants in violation of the Federal Constitutional rights UNDER 1983.

22. WHEREFORE: as allowed under the Law , where the Court lost JURISDICTION to rule on this case, by consistently depriving the Plaintiff of her Federal Constitutional violations by the Town, therefore, under the law, the Plaintiff's case will go DIRECTLY to a jury of her peers for disposition of her rights to collect money damages for the violations of her FEDERAL CONSTITUTIONAL RIGHTS by the defendants. WITHOUT DELAY, as allowed under the Sixth Amendment, a speedy trial, when the Plaintiff is 86 years old.

Respectfully,

Josephine Amatucci

November 6, 2024

c. Town of Wolfeboro

*Josephine Amatucci*

Josephine Amatucci
P
Wolfeboro

Manchester NH 03103
WED 06 NOV 2024 PM

United States District Court
District of New Hampshire
Office of the Clerk
55 Pleasant St.
Room 110
Concord, N.H. 03301