UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Josephine Amatucci

     v.                                                                         Case No. 24-cv-284-SM

Town of Wolfeboro
Selectmen Murray, et al.
Town Manager Pineo


## REPORT AND RECOMMENDATION

Plaintiff Josephine Amatucci, who is self-represented and appears in forma pauperis, has sued the Town of Wolfeboro, New Hampshire, as well as the town's Selectmen and the Town Manager. Her complaint (Doc. No. 1) and complaint addendum (Doc. No. 2) are before the undersigned Magistrate Judge for preliminary review, pursuant to 28 U.S.C. § 1915(e)(2) and LR 4.3(d)(2).

### BACKGROUND

Mrs. Amatucci asserts that "the custom of the defendants to deny police misconduct over the years was the 'moving force' behind the deprivation of [her] constitutional rights." Compl. (Doc. No. 1) ¶ 10. But there are no allegations as to how her rights were violated or which defendant allegedly committed any violation. She further alleges that "the defendants knew, the plaintiff made them aware of the misconduct of the police and the failed [and] refused to remedy the wrong." Id. ¶ 11. Again, however, there is no description of the alleged "misconduct" in either her complaint or the addendum.

**STANDARD OF REVIEW**

The magistrate judge conducts a preliminary review of pleadings, like Ms. Amatucci's that are filed in forma pauperis.  See LR 4.3(d).  The magistrate judge may recommend to the district judge that one or more claims be dismissed if, among other things, the court lacks jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted.  See 28 U.S.C. § 1915(e)(2); LR 4.3(d).  In conducting its preliminary review, the court construes complaints filed by unrepresented litigants liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).  The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).  The court treats as true all well-pleaded factual allegations, and construes reasonable inferences in plaintiff's favor.  See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

While an  unrepresented plaintiff's complaint must be read liberally, see Donovan v. Maine, 276 F.3d 87, 94 (1st Cir. 2002), it must still contain "the crucial detail of who, what, when, where, and how" in order to provide fair notice of what the claims are and the grounds upon which they rest, Byrne v. Maryland, No. 1:20-cv-00036-GZS, 2020 WL 1317731, at *5 (D. Me. Mar. 20, 2020) (rec. dec.), aff'd, 2020 WL 2202441 (D. Me. May 6, 2020).

The complaint may not consist entirely of "conclusory allegations that merely parrot the relevant legal standard." Young v. Wells Fargo, N.A., 717 F.3d 224, 231 (1st Cir. 2013); see also Ferranti v. Moran, 618 F.2d 888, 890 (1st Cir. 1980) (explaining that the liberal standard applied to the pleadings of pro se plaintiffs "is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim"). The pleading rules "demand[ ] more than an unadorned, the-defendant- unlawfully-harmed-me accusation." Iqbal, 556 U.S. at  678. "A pleading that offers

labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Id.

## DISCUSSION

Even construing the complaint liberally, there are no facts alleged in the complaint or addendum from which the court can discern a cause of action. The complaint, therefore, fails to state any claim upon which relief can be granted, and the district judge should dismiss the complaint in its entirety, pursuant to LR 4.3(d)(2) and 28 U.S.C. § 1915(e).

## CONCLUSION

For the foregoing reasons, the District Judge should dismiss this action for failure to state a claim upon which relief might be granted. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. The objection period may be extended upon motion. Failure to file any objection within the specified time waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016). Only those issues raised in the written objections "are subject to review in the district court," and any issues "not preserved by such objection are precluded on appeal." Id. (citations omitted).

Talesha L. Saint-Marc
United States Magistrate Judge

November 21, 2024

cc: Josephine Amatucci, pro se