UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Josephine Amatucci

     v.                                                                                                  Case No. 24-cv-284-SM

Town of Wolfeboro
Selectmen Murray, et al.
Town Manager Pineo

**SUPPLEMENTAL REPORT AND RECOMMENDATION**

    In light of Mrs. Amatucci's Amended Complaint (Doc No. 10), the court supplements its prior Report and Recommendation (R&R) (Doc. No. 8) as follows. In its R&R, the court recommended dismissal of the complaint because it contained no factual allegations in support of a claim against any of the named defendants. The Amended Complaint fares no better. The only new facts alleged pertain to the Town of Wolfeboro's hiring of two police chiefs who, in Mrs. Amatucci's view, have negative employment histories. Although she describes this as "deliberate indifference," Mrs. Amatucci fails to include any allegations of misconduct by any defendant against her. Even if, giving the self-represented plaintiff the benefit of every inference, the Town made bad hiring decisions (an issue about which the court has no opinion), this cannot serve as a basis for her civil rights lawsuit against the Town. See Silva v. McBurney, No. 21-CV-048-SJM-AKJ, 2023 WL 9002623, at *6 (D.R.I. Dec. 28, 2023) (requiring plaintiff to describe what each defendant did to deny him a constitutional right); Hall v. Capeless, No. CV 19-30138-MGM, 2020 WL 3714589, at *6 (D. Mass. Feb. 26, 2020) (requiring plaintiff to describe how "each defendant's acts or omissions violated plaintiff's rights"); Troncoso v. Middlesex Sheriff's Off., No. CV 18-10110-RGS, 2018 WL 1783801, at *3 (D. Mass. Apr. 13, 2018) (requiring plaintiff to "allege facts

from which the court can reasonably infer that a particular defendant was directly involved in the alleged violation(s) of his rights . . . .").

Based on the foregoing, and for the reasons stated in its earlier R&R, the District Judge should dismiss this action for failure to state a claim upon which relief might be granted. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. The objection period may be extended upon motion. Failure to file any objection within the specified time waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016). Only those issues raised in the written objections "are subject to review in the district court," and any issues "not preserved by such objection are precluded on appeal." Id. (citations omitted).

_____
Talesha Saint-Marc
U.S. Magistrate Judge

December 10, 2024

cc: Josephine Amatucci, pro se