9215

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Josephine Amatucci

v.

Town of Wolfeboro, officially,

Selectman Murray, individually

and Town Manager Mr. Pineo, individually         Case No. 24-cv-284-SM

RESPONSE TO SUPPLEMENTAL REPORT AND RECOMMENDATION

DATED DECEMBER 10, 2024

HOW HER RIGHTS WERE VIOLATED

1. 42 u.s.c. 1983 for which this entire case is based, allows individuals to sue government, for civil rights violations. A key tool for enforcing constitutional rights against local government and officials. This case is under Monell and under Pembaur v. City of Cincinnati. *"A Deliberate Indifference Claim"*

2. This case is basically based on the miscnduct of the Town, when in the decisions of the Town, they hired two police chiefs of whom the Plaintiff has proven beyond a doubt that they had negative employment histories. Beyond a doubt that the former Police Chief Dean Rondeau accused the Plaintififf TWICE, of violations of the law, when .....HE KNEW.... she did not commit the crimes he was accusing her of. And as far as

1

the former Police Chief Stuart Chase is concerned the Plaintiff proved beyond a doubt that he maliciously prosecuted her for speeding, when speeding is not a crime in New Hampshire. Unlawful seizures under the Fourth Amendment.

3. Where evidence will show that the crimes of the former police chiefs were indeed in the view of the Judge. And where Magistrate Talesha L. Saint-March made the statement that the claims against Chase and Rondeau were not in her view but ONLY IN THE PLAINTIFF'S VIEW, she is setting the stage to ignore the Plaintiff's civil rights claims, in a CONTINUING CONDUCT OF FRAUDULENT MISCONDUCT, by Magistrates in the United States District Court, where the violations of a Plaintiff's Federal Constitutional Rights are ignored, not litigated in a CONTINUOUS BIAS CONDUCT.

4. That the Plaintiff proved not only was the Town, guilty of DELIBERATE INDIFFERENCE, but also of hostility toward municipal liability claims. In Deliberate Indifference to the evidence before her.

5. That under the FEDERAL CONSTITUTION, the Deliberate Indifference inactions of the Town in their hiring of criminal police chiefs, constituted a Civil Rights violation, in violation of the Fourth Amendment. Under color of law, and in violation of..... CLEARLY ESTABLISHED LAW.... A ripe claim allowed under 1983 for damages. Besides all the other evidence presented to the Court of the evidences where the Town officials refused to investigate her claims of misconduct by the police, and over the years.

6. The Plaintiff primarily addresses her claims under the TOWN itself, and secondarily against the individual defendants, where the evidence before the court proves their deliberate indiffernce response to the Plaintiff's claims of the violations of her Civil Rights by the police.

7.      Where the Town's......."NEGLIGENCE".......in hiring criminal police chief's were a direct causal link to the Plaintiff's violations of her Civil Rights.  Where she was injured as a result of the Town's inactions, a causal relationship,  will  allow her the right  to sue the Town for NEGLIGENCE.

8.      Where In the case of Pembaur v. City of Cincinnati,  it was held that a municipality can be held liable for Constitutional Injuries resulting from decisions or conduct by decisionmaker's  possessing final authority to establish municipal policy with respect to the complained of action.  That in  a violation of the Fourth Amendment by the Town the Plaintiff was denied a right  to be free from UNREASONABLE SEIZURES.  And under Pembaur the Court determined that a claim may be imposed .....even "FOR A SINGLE DECISION"  by Municipal policymakers.

9.       That the former Police Chief Stuart Chase unlawfully MALICIOUSLY PROSECUTED the Plaintiff for speeding,  when speeding is not a crime in New Hampshire.  And that  the former Police Chief Dean Rondeau twice accused the Plaintiff of crimes HE KNEW she never committed.  First accusing her of a serious traffic violation that occured in Wolfebor, to the DMV , and requesting that she be re-examined, with the purpose of having her license to drive terminated,  when she was able to prove to the DMV that  she was NOT IN WOLFEBORO at the time Rondeau accused  her of a traffic violation in Wolfebor, where she produced evidence of a  deposit she made in a  Massachusetts bank at the same time  she was suppose to be driving erratically in Wolfeboro,  according to Rondeau. ............evdence which describes and proves  how by the Town allowing Chase and Rondeau, to become police chiefs  they were causal connected to the violations of  the Plaintiff's Federal Constitutional rights."

10.      A multitude of Evidence is before the Curt ........."from which the court can

3

reasonably infer that all defendanst were directly involved in the violation of her rights."

11.     Of the violation of her Federal Constitutional rights, of claims where relief..... MUST BE GRANTED.

WHEREFORE;  It is mandated under the Federal Constitution that damages be allowed, to be allowed to the Plaintiff at a trial with a jury of her peers , for damages for the malicious deliberate indifference violations by all defendants, especially of the Town, the municipality, for their continuous conduct of inactions to the violations of the Plaintiff's rights where the Plaintiff has proven beyond a reasonable doubt of Deliberate Indifferance violation, in violation of her FEDERAL CONSTITUTIONAL RIGHTS, for damages as allowed under the Fourth and Fourteenth Amendment and of Due process. When in a continuous conduct over the years the Town, defendants have denied any wrongdoing by the police, in deliberate indifference.

Respectfully,

Josephine Amatucci

c. Town of Wolfeboro

December 22, 2024

*Josephine Amatucci*

Ms. Josephine Amatucci
PO Box 272
Wolfeboro Fls., NH 03896-0272

BOSTON MA 020
28 DEC 2024 PM 8 L



United States District Court
District of New Hampshire
Office of the Clerk
55 Pleasant St.
Room 110
Concord, N.H. 03301
Concord

03301-394135