9223

FILED - USDC -NH
2025 JAN 17 PM2:43

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Josephine Amatucci

v.

Seleman, Indidivually, Town Manager Mr. Pineo,

Individually, and Town of Woleboro, OFFICIALLY        Case: 24-cv-284-SM-TSM

RESPONSE TO REPORT AND RECOMMENDATION

The Plaintiff would like the Court to know that because she does not have access to a car, she must depend on a ride from others to get to the post office to file her letters, which may result in a delay in mailing her responses to the court.

1.    The Magistrate responded to the Plaintiff's COMPLAINT, of ....."DELIVERATE INDIFFERENCE" ......on November 21, 2024, the Plaintiff responded on December 23, 2024.

2.    In her response the Magistrate NEVER MENTIONED, never ADJUDICATED, never RULED ON, the Plaintiffl's only claim in the above case, that of ......"A FEDERAL CONSTITUTIONAL VIOLATION of a claim of ......." DELIBERATE INDIFFERENCE"....

3.    That it is a continuing conduct of a Magistrate to ignore any Federal Constitutional claims by a pro-se litigant, and instead continuously dismiss case's based on local court decisons. And in dong so, ignoring and/or denying the Plaintiff's Federal Constitutional Right, to damages, allowed in claims which violate the LAW OF THE LAND, And in doing the the Court becomes a TRESPASSOR of the land, a trespassor of Due Process

1 OF 8 PAGES

ALSO See Attached 30 PAGES OF DELIBERATE INDIFFERENCE EVIDENCE

of the Law, by denying the Plaintiff her Federal Constitutional right to Due Process, that is a trial by a jury of her peers for damages. That in doing so the Magistrate lost jurisdiction to rule in the case, where her unlawful decision's are VOID OF NO LEGAL FORCE. Wher she denies the Plaintiff her Federal Constitutional right to damages against the Town of Wolfeboro, in a DELIBERATE INDIFFEREANCE CLAIM, a Federal Costitutional claim which is allowed under 1983.

4.       In her Report and Recommendation the Magistrate states on page 1 that there are NO ALLEGATIONS as to ......"HOW HER RIGHTS WERE VIOLATED'. For the answer the Magaistrate has to address the definition of DELIBERATE INDIFFERENCE , a Federal Constitutional claim under 1983. Which states that the defendants are liable for the policy and/or practice of DELIBERATELY INDIFFERENCE in the hiring as police chief the FORMER Police Chief Stuart Chase and Dean Rondeau, who have a past of crimially accusing people of crimes they never committed, and in doing so they had to either step down as police chief's or be TERMIANTED. They stepped down. A Municipal libility as confirmed by the Supreme Court decisional law against municipal liabilty . Where there is a causal connection between the hiring of criminals, for Police Chief's and the Plaintiff's Federally protectd rights, of the obvious.... consequences.... of their BAD Acts, of hiring , in DELIBERTE INDIFFERENCE  in RECKLESS DISREGARD of he conseuences of one's acts or omissions. A conscience choice to disregard the consequences, of a PERCEIVED RISK that Chase and Rondeau's actions will vioalted the Plaintiff's rights.

5.       The Magistrate also stated that ......"THERE WAS NO DESCRIPTION OF THE ALLEGED 'MISCONDUCT' IN EITHER OF HER COMPLAINTS. The MISCONDUCT of the Town is described in number 4, besides, the description relies on the LEGAL description of the Plaintiff's cause of action under a claim of "DELIBERATE INDIFFERANCE", that the Magistrate would read the description and meaning of a DELIBERATE INDIFFERNCE ACT .......she would see that it is a

federal constitutional violation, that when the defendants HIRED "CRIMINAL" POLICE CHIEFS. they were GUILTY of the consequences of their hiring, that of BAD HIRING. In violation of the Plaintiff's..... FEDERALLY PROTECTED RIGHTS .

6. Guilty of a Municipal policy/practice of a muncipal liability as confirmed by the Supreme Court decisional law against municipal liability , where there is a CAUSAL CONNECTION of the Plaintiff's Federally Protected Constitutional Rights and where the defenants are laible under 1983 of the obvious consequences of their bad hiring, under DELIBERATE INDIFFERENCE. And as stated in the case of Pembaur, regarding the final authority of the defendanrs, policymaking officials of Municipal practices.

7. And in the case of City of Canton v. Harris where the Court agreed, "There must be ....'STRICTER HIRING". And the Court analyzed DELIBERATE INDIFFERENCE as "A municipal liability if they acted RECEKLESSLY, INTENTIONALLY, in a CAUSAL LINK whenthere is reckless disregard of the consequences, in suppressing investigations.

8. That although the Plaintiff will submit and prove many situations of Deleberate Indiffernce Acts by the Town, in the case of Pembaur v. City of Cincinnati, 475 U.S. 480 (1986) the Court stated "It is not necessary for the Plaintiff to prove that the municipality followed a particular course of action, but rather a "SINGLE" action taken by the municipality is SUFFICIENT to epose it to liability. That the Plaintiff's evidence will show the "Direct Participation " through the defendants conduct that amounted to ........'CONDONATION of TACIT AUTHORIZATION". See the case of Camilo-Robles Zapata, 175 F.3d 41, 43-44 (lst Circuit 1999). Cases showing how DELIBERATE INDIFFERENCE by the defendants proved the defendants / Policymakers CONSCIENCE DISREGARD .....of the Plaintiff's FEDERAL CONSTITUTIONAL RIGHTS . And in the cae of the Board of County Commissioners v. Brown where the Corut held that a "HIRING DECISION" proved Municipal liability if the Plaitniff can

show that ...."Through the DELIBERATE conduct, the municipality was the moving force behind the injury, where the Town did not closely review the employee's background evidence that a POTENTIONAL Constitutional violation of......" FORSEABLE" .  AS RESONABLE FORSEEABILITY (of negligence, of  INDIFFERENCE  )  is the ......KEY TO LIABILITY.

9.      That in the case of Monell . Depatment of Social Serices the SUPREME Court recognized tht 1983 municipal liability be based on a municipal custom,  having the force of law,  that an ACT performed pursuant to "CUSTOM" that has been formally approved by decision makers will subject a muncipality to liability o the therory that the relevant practice is so wideprad as to have the force of law.

10.     Please find  evidence,  that is already in the courts files in this claim,  of evidence beyond any doubt,   on how the Plaitniff's  rights were violated  under DELIBEATE INDIFFERENCE,  of which this Complaint is all about,  that is a violation of  her FEDERAL CONSTITUTIONAL RIGHTS, or which defendant allegedly committded any violation.   And the DESCRIPTION, OF THE ALLEGED CONTINUING CONTINUING  MISCONDUCT  of the defendants.  The defendants,    all those who acted as policymaking officials, of the Town,  who are all responsible for the decisions of the Town. That is the OFFICIALS OF THE MUNICIPALITY.  When they refuse to comply with the Federal Cosntitution when they war against the Constitution,  and engage in violations of the SUPREME LAW OF THE LAND.  Through an ABUSE OF AUTHORITY,  where they are trying to deny me my Constitutional rights to a trial by a jury of my peers for damages allowed for DELIBERATE INDIFFERNCE.   Pierson v. Ray (1967) Elliot v. Piersol and Cooper v. Aaron (1958) , where the courts stated wars  against the Constitution do not comply with an oath to the Cosntitution of the United Stated., in violation of the SUPREME LAW OF THE LAND.

11.      SEE  ATTACHED EVIDENCE OF DELIBERATE INDIFFERENCE :

NUMBER 1........EVIDENCE AND DESCRIPTIONS  ON HOW HER RIGHTS WERE VIOLATED Evidence

where in "Deliberate Indifference" the Town Manager Dave Owen dated November 13, 2014 IN deliberate indifference denied that James O'Brien was not a employee of the Town of Wolfeboro when he took her from the jailhouse where he put her the day before falsely accusing her of violating a Stalking Order when the Court Order was not a Stalking Order but a Civil Restraining Order in Equity, where the police have no authority to arrest civil violations. Yet O'Brien put me in jail overnight for a crime I did not commit, that of violating a Stalking Order. Where Jared Welman, along with Police Officer Dean Rondeau fraudulently accused me of a traffic violation that occurred in Wolfeboro to the DMV to have my license to drive revoked, of a claim of which I was able to prove to the DMV I was not in Wolfeboro that day. And Deliberate Indifference by the Town to deny that Rondeau falsely and maliciously had the Belnap Sheriff's Dept. to Maliciously Prosecute me for a crime of Assault with Bodily Injury, for a crim he knew I never committed as before him was a statement from the alleged victim, that he had NO INJURY. There is the case of Stuart Chase who maliciously prosecuted me for speeding when speeding is not a crime in New Hampshire. and he went inside my car and stole my evidence against Rondeau, WITHOUT A WARRANT TO DO SO. And Chase filed a Complaint against me, prosecuted me, in violation of the Sixth Amendment where he filed the Complaint beyond the time frame he had a right to file a Complaint especially against an elderly Plaintiff, which was also a Sixth Amendment violation. Then there was Robert Housemen, who incarcerated me inside a room and closed the door in the Town Hall, in retaliation for my complaining about then Chief Stuart chase, and where he called the police falsely accusing me of causing a disturbance in the town hall. AND AND AND where Houseman was TERMINATIED for his unlawful actions. An unlawful incarceration. Where none, none, none, of their actions were reasoanble. As evidence will prove.

NUMBER 2.......ALLEGATONS AND DESCRIPTIONS ON HOW HER RIGHTS WERE VIOLATED ...Evidence where under DELIBERATE INDIFFERNCE....the defendants, the SELECTMEN, ADMIT THEY ..........DECLINE.......DECLINE...to ask an outside agency to investigate Chief Chase or any other member of the Police Department. And deny in Deliberate Indifferance that the town employees, and Police committed any Federal Cosntitutional violations against the Plaintiff.

Number 3......ALLEGATIONS AND DESCRIPTIONS ON HOW HER RIGHTS WERE VIOLATED......Evidence of the Plaintiff's allegations and descriptions of DELIBERATE INDIFFERENCE by the defendants... where the Plaintiff did in fact file a Complaint agaisnt the FORMER police office Charles Hamiltin and the FORMER police officer James O'Brien's unlawful actions against the Plaintiff, that occurred in 2002 and 2003.

Number 4.........ALLEGATIONS AND DESCRIPTIONS ON HOW HER RIGHTS WERE VIOLATED,......Under Fraud the Town Manager refused to offer the Plaintiff under the Right to Know Law, for copies of the investigative files of the former Police Chief Chase, of town employee Robert Maloney and the former Police Chief Rondeau, by stating he ONLY REVIEWED THE PERSONNEL FILES.  And not the INVESTIGATIVE, DISCIPLINARY FILES.

Number 5.........Further evidence of the Plaintiff's allegations of DELIBERATE INDIFFERENCE towards the defendants.

Number 6........ALLEGATIONS AND DESCRIPTIONS ON HOW HER RIGHTS WERE VIOLATED.......Evidence she was prosecuted for speeding, where speeding is NOT A CRIME IN NH. Evidence, of denial by the defendants of a Deliberate Indifference.

Number 7.........NOT A HIGH SPEED, no speeding violation. No prosecution for speeding under the law.

Number 8 ....... DELIBERATE INDIFFERENCE of Rondeau's actions.

Number 9.........DELIBERATE INDIFFERNCE by the defendants.

Numnber 10..... DELIBERATE INDIFFERENCE by the defendants.

Number 11........DELIBERATE INDIFFERENCE, BY THE DEFENDANTS IN DENYING HER CLAIMS

Number 12........DELIBERATE INDIFFERNCE BY THE TOWN EMPLOYEES DENYING IN THE CAEE AGAINST THE FORMER TOWN EMPLOYEE POLICE OFFICER CHARLES HAMILTON THAT THE PEOPLE HAD NO RIGHT TO BLOCK HER LEGAL DRIVEWAY.

Number 13.........DELIBERATE INDIFFERENCE ....Town omitted they denied her her Constitutional Rights.

Number 14.........DELIBERATE INDIFFERENCE ....Evidence will show they how to retire or would be TERMINATED under the law for their illegal actions.

Number 15.........DELIBERATE INDIFFERENCE......proof that defendants refused to consider the criminal acts of the former police chiefs Rondeau and Chase and in doing so committed DELIBERATE INDIFFERENCE in their hiring. By exposing the Plaintiff to their unlawful actions in the past.

Numer 16..........DELIBERATE INDIFFERNCE ....to the false imprisonment by the FORMER Town Planner Rob Houseman

Number 17........Further DELIBERATE INDIFFERENCE of Rob Houseman

Number 18........DELIBERATE INDIFFERENCE....proof where contrary to what the Town defendants stated, the Plaintiffs complaints were NOT IN THE PERSONNEL FILES, as stated by the Town, but in the INTERNAL AFFAIRS FILE.

Number 19.......The Internal Affairs files are NOT EXEMPT from disclosure under the Right to Know law. As falsely stated by the FORMER DAVID OWEN, who was FORCED TO RETIRE OR TO BE TERMINATED by the Town.

6 oF 8 PAGES

Number 20......Evidence of the former Police Chief Stuart Chase's assault against Cynthia Kennedy when he was police chief in Danvers and TERMINATED because of his actions. Which were the same actions against me, which proves by hiring Chase the Town acted in Deliberate indifference of the possibility of his repeating his criminal acts, when hiring him.

Number 21..... More evidence of the former David Owen refusing me my RIGHT TO KNOW request by fraudulently stating the investigative files were in the PERSONNEL FILES, which they were NOT IN THE PERSONNEL FILES, as state above by Police Chief Chase.

Number 22.......A repeat of Mr. Owen refusing my right to know -a right under RSA 91-A. for a copy of the INVESTIGATIVE FILES of Chase, Houseman, Rondeau and O'Brien.

Number 23..... Chase' SECOND RETIREMENT, was really a second TERMination.

Number 24......DELIBERATE INDIFFERNCE

Number 25........EVIDENCE that the former Police chief Stuart Chase went inside my car WITHOUT A WARRANT. And stole my evidence I had against Dean Rondeau. Where in continuous DELIBERATE INDIFFERENCE the defendants deny that Chase did anything wrong.

Number 26.......In DELIBERATE INDIFFERENCT the defendants DECLINED TO INVESTIGATE police misconduct, denying police misconduct.

Number 27.......Further proof of DEIBERATE INDIFFERANCE OF THE DEFENDANTS

Number 28.......Further proof of denial of records of police misconduct, in DELIBERATE INDIFFEERENCe.

Number 29.......My ALLEGATIONS of the decription of police misconduct.

Number 30.......My FURTHER ALLEGATIONS of the description of police misconduct.

WHEREFORE: This Court will /cannot deny with all this exculpatory evidence the Plaintiff's right to a jury trial of her peers, for her claims of DELIBERATE INDIFFERENCE against the defendants in this case, as allowed in a violation of her FEDERAL CONSTITUTION RIGHTS, under 1983 for DAMAGES. Or there will be a violation of the LAW OF THE LAND by the court where the rulings of the Court are under the law, VOID OF NO LEGAL FORCE. And where this claim under the law will be moved to a different official, for the right to a JURY TRIAL OF HER PEERS.

Respectfully,

Josephine Amatucc

January 14, 2025

*Josephine Amatucca*

7 OF 8 PAGES

c. Town

8 OF 8 PAGES

PLUS ATTACHED EVIDENCE