9228

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Josephine Amatucci

v.

Town of Wolfeboro OFFICIALLY, and

Selectmen and Town Manager, INDIVIDUALLY        Case 1:24-cv-00284-SM-TSM

MOTION FOR SUMMARY JUDGMENT

BASED ON EVIDENCE OF DELIBERATE INDIFFERENCE

UNDR 1983

In the case of Andrews v. Fowler, the United States Court of Appeals for the Eighth Circuit (1996) decided a claim of Deliberate Indifference in Police Supervision.

The Plaintiff, Josephine Amatucci, is highlighting below the circumstances of which the defendants are liable to her for failing to address misconduct with DELIBERATE INDIFFERNCE. The defendant's failure to withhold her ...." CONSTITUTIONAL PROTECTIONS".

BELOW ARE CASES CONFIRMING CLAIMS OF DELIBERATE INDIFFERENCE

The key issues in the sample cases below, are the court's decisions whether the defendants exhibited ...."DELIBERATE INDIFFERENCE"... to one's Constitutional Rights through inadequate hiring, and supervision practices, of inadequate TRAINING, SUPERVISING AND INVESTIGATING MISCONDUCT,

(1)...... Case of Monell v. department of Social Services of the City of New York (1978)

This case established that municipalities CAN BE HELD LIABLE under Section 1983 for constitutional violations resulting from official policies or customs.

(2)...... Case of City of Canton v. Harris (1989) Clarifed the standard for DELIBERATE INDIFFERNCE in municipal liabiity, EMPHASIZING the need for a "deliberate conscious choice" to DISREGARD CONSTITUTIONAL RIGHTS.

(3).......Case of Parrish v. Luckie (1992) Provided a framework for assssing whether a city's policies or customs amount to a "PERSISTENT AND WIDESPREAD " pattern of

1

UNCONSTITUTIONAL CONDUCT.

(4).......Case of Harris v. City of Pagedale (1987)-further elaborated on the condictions under which a city may be held laible for POLICE MISCONDUCT.

(5)......Case of Tolson v. Forrest City Police Department (1994) ..Discussed indivdual liability of SUPERVISORS under SECTION 1983.   for failure to act on subordinate misconduct.

These prcedents, collectively informs the court's evaluation of whether a Town and its .... OFFICIAL'S EXHIBITED .... POLICIES OR CUSTOMS .....that were ...." DELIBERATLY INDIFFERENT".......to my ... CONSTITUTIONAL RIGHTS.

That the evidence before this Court presented by the Plaintiff, will prove that the town of Wolfeboro's failed to take prompt and effective REMEDIAL ACTION over the years, despite being aware of the defendant's inappropriate behavior, by the Plaintiff, which created a genuine issue of material fact warranting a trial as MANDATED under the law.          And where the evidence before the Court, of the violation's of the Plaintiff's FEDERAL CIVIL RIGHTS under 42 U.S.C. 1983, MANDATES, this Court to move the Plaintiff's claims ......WITHOUT FURTHER DELAY.... to a trial of her peers, for damages as MANDATED under the FEDERAL CONSTITUIONAL LAW OF THE LAND. Under a claim of DELIBERATE INDIFFERENCE, as allowed under 1983. And without further delay as allowed under the law due to the Plaintiff being a very elderly person,  under Due Process and the Sixth and Fourteenth Amendments.

SECTION 1983

42 U.S.C. 1983 - allows individuals to sue STATE government employees and others.... ....."ACTING UNDER COLOR OF LAW".....for CIVIL RIGHTS VIOLATIONS.

SUMMARY JUDGMENT

A legal decision made by a court without a FULL TRIAL, based on the argument that there are no material facts in dispute and that the moving party is entitled to judgment as a matter of law.

DELIBERATE INDIFFERENCE

A legal standard used to determine when a government official's actions (OR INACTIONS) demonstrate a DISREGARD for one's rights. Where the defendant's .... failed to address known MISCONDUCT effectively . Where the provision of Deliberate Indiference allows the Plaintiff to sue for the interference of her FEDERAL civil rights, the LAW OF THE LAND, by the defendants. Where she proved multiple deliberate agreement's by the defendant's to deprive the Plaintiff of her Federal constitutional rights, with MASSIVE amounts of samples of exculpatory evidence of DELIBERATE INDIFFERNCE by the defendants, that were filed and which are before the court.

WHEREFORE: As MANDATED under the law of the Federal Constitution, this Court is MANDATED to move this claim WITHOUT FURTHR DELAY to a jury of her peers for damages, for the violation of her FEDERAL CONSTITUTIONAL RIGHTS. Under a claim of DELIBERATE INDIFFERENCE. As allowed under 1983.

Respectfully,

Josephine Amatucci

February 10, 2025

c. Town of Wolfeboro

*Josephine Amatucci*

From: Josephine Amarace,
P.O. Box 272
Wolfeboro Falls, N.H. 03896

United States District Court
District of New Hampshire
Office of The Clerk
55 Pleasant St.
Room 110
Concord, N.H. 03301

FCM LETTER
WOLFEBORO, NH 03894
FEB 11, 2025
$1.01
R2304H107727-13
03301
RDC 99
03301-394135