9236

UNITED STATES DISRICT COURT

DISTRICT OF NEW HAMPSHIRE

Josephine Amatucci

v.

Town of Wolfeboro, et al            Case No. 1:24-cv-00284-SM-TSM

FURTHER EVIDENCE UNDER

PLAINTIFF'S DELIBERATE INDIFFERENCE CLAIM

1. Please refer to the case of Forrest v. Parry (3rd Cir. 2019) where the Court found that there was a........" FAILURE TO CHIECK ADEQUATE BACKGROUND"..... which amounted to a claim of...........NEGLIGENT SUPERVISION ......of "DELIBERATE INDIFFERENCE". Evidence of the Plaintiff's claim against the Town of Wolfeboro under a FEDERAL CONSTITUTION CLAIM under 1983, which allows damages.

2. That the Plaintiff has proven enough evidence for her claim especially the claim addressing that the Town failed to check the background of Dean Rondeau and Stuart Chase, BEFORE they allowed Rondeau and Chase to become the Town's Police Chief's. Which amounted to ..........."NEGLIGENT SUPERVISION". DELIBERATE INDIFFERENCE.

WHEREFORE: In considering all the evidence before the Court proving beyond any doubt, of the Plaintiffs claiims of negligent supervision by the Town, of Deliberate Indifference of the Town. Evidence of Deliberate Indifference when the Town failed to adequately check the backgrounds of Police Officer Stuart Chase and Officer Dean Rondeau before they allowed them to become the town's police chiefs, and with this evidence there is no way that this Magistrate can or will deny the violations of the Plaintiffs -FEDERAL CONSTITUTIONAL RIGHTS by the Town, deny the claim of ....DELIBERATE INDIFFERENCE.... by the Town, especially with all the exculpatory evidence proving how the town re-acted with deliberate indifference to the

Plaintiff's claims, of NEGLIGENCE by the town appointing Chase and Rondeau as the Town Police Chief's, when the town KNEW they had criminal backgrounds, backgrounds which were a threat to the public, and also with the evidence that the FORMER Town Planner- Rob Houseman- unlawfully re-acted to the Plaintiff when she went inside the Town Hall and asked the town to investigate police chief Stuart Chase who abused her in the police station, when instead of supporting her, Houseman reacted with DELIBERATE INDIFFERENCE by IMPRISONING her in a room, in the Town Hall, while he had the police contacted, and have her arrested by falsely accusing her of r causing a disturbance in the Town Hall.. That with all the evidence submitted the Court, there is an ......"ADEQUATE BACKGROUND"..... of claims of Deliberate Indifference by the Town officials, especially in the three instances cited above which would alone constitute enough evidence for this Court to ORDER ......and without further delay....... to order, as MANDATED by the Federal Constitution, of Due Process, of Deliberate Indiffernce, to ORDER a jury trial of her peers for damages allowed her under 1983, for the DELIBERATE INDIFFERNCE acts of the Town. Or in ingoring the Plaintif's Federal claims for damages, under Deliberate Indifference, to her her right to damages, the Magistrate will TRESPASS ON THE LAW OF THE LAND, and the Magistrate's judgments will be void of no legal force.

Respectfully,

Josephine Amatucci

February 27, 2025

c. Town

*Josephine Amatucci*

FROM: Josephine Amaru
P.O. Box 272
Wolfeboro Falls N.H. 03896

MANCHESTER NH 030
27 FEB 2025 PM 1 L

United States District Court
District of New Hampshire
Office of the Clerk
55 Pleasant St.
Room 110
Concord, N.H. 03301

03301-394135