9154

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Josephine Amatucci

v.

Town of Woleboro, Selectmen, Town Manager

24-FP-284

RESPONSE TO THE COURTS ENDORSED ORDER DATED 8/8/2024

ON LOCAL RULES AND PROCEDURE

THIS CASE IS NOT BASED ON LOCAL RESTRICTIONS BUT ON

A 1983 SUIT AGAINST THE MUNICIPALITY UNDER

MONELL, A FEDERAL CONSTITUTIONAL CLAIM

WHICH OVERRIDES ANY LOCAL RULE, RESTRICTION, OR PROCEDURE

This case is not about local procedures such as restrictions, this case is about the violations of the Plaintiff's civil rights, of DELIBERATE INDIFFERNCE, a Monell claim, under 1983.

NEVER HAS THE PLAINTIFF MENTIONED A CLAIM UNDER RESPONDEAT SUPERIOR, which was FRAUDULENTLY ADDED, by the Court in an effort to dismiss the case. One of the many tactics used by the United States District court judge's to throw pro-se litigants viable claims off a bridge. By ...... FRAUDULENTLY IGNORING THE FEDERAL CONSTITUIONAL CLAIMS PRESENTED IN A CASE. And In a continuing conduct........

That a Court cannot refuse to docket a viable Federal Constitutional Claim, based on a local administrative restriction, of procedure, as this is an Unconstitutional Act. See Sherer v. Cullen and Hanson v. Denckla and Norton v. Shelby County which states:

"An unconstitutional act is not law, it is inoperative"

" FRAUD IS NEVER FINAL"

Administrative procedures can never be substituted for Constitutional law. That a local restriction that denies and opposes the powers of and Rights guanteed in the Constituion

1

especially in the Bill of Rights,, is NULL AND VOID, WITHOUT FORCE OR EFFECT WHATSOEVER. And when this Court denies the Constitution and provides no due process, their judgment is void of no legal force.

Pennoyer v. Neff. "if the Bill of Rights is not complied with, the court no longer has jurisdiction to proceed.   That this judge if he continues to refuse to allow the Plaintiff her Constitutional Right to file this...... FEDERAL CONSTITUIONAL VIOLATION CLAIM..... he will  no longer has jurisdiction in this case and  is MANDATED TO  STEP DOWN FROM THIS CASE..

## DELIBERATE INDIFFERENCE

1.      The United states Supreme Court stated in the case of Davis v. Wechsler "Where RIGHTS secured by the Federal Constitution are involved, THERE CAN BE NO RULING BY A JUDGE THAT WOULD ABROGATE THEM. The Courts may deal with what they think  is proper in LOCAL MATTERS, but they CANNOT treat it as defeating a plain assertion of a FEDERAL RIGHT.

2.      Under the Supremacy Clause, under the laws of the United States , judge Laplante is bound  to address  the LAW OF THE LAND, and that a violation of a  local procedure governing  restrictions ,   cannot,  will not,  override the Plainhtiff's  Federal Constitutional claims,  under  Monell under 1983,   a Federal Constitutional right , which overrides  any local  law or procedure,   such as  a local filing restrictions. That a filing  restriction  cannot constitute a legal right for the Court to deny the Plaintiff her Federal Constitutional Claims. Does not  /cannot not override the Plaintiff's  claims in this case,

3.       Claims of  ..... Deliberate Indifferance.... by the Town,   in a widespread practice where the Town if the  "moving force"  behind the violations of the Plaintiff's  civil rights by the police.  In a  custom of the Town,   when they have denied and disregarded  the unlawful acts of the  police. in a continuous conduct over the years, and in doing so  were Aiding  and Abetting  the unlawful acts of the police,  in Deliberate Indiffernce.

4.                                    A MONELL CLAIM

"A Monell claim is established by a decision of the UNITED STATES SUPREME COURT, under the doctrine, where individual's can challenge individual law enforcement officers, municipalities, and police policies, when their misconduct causes harm or violates their Constitutional Rights . When town inactions can be traced to a deprivation, such as a custom of " Deliberate Indiferene" to the Plaintiff's rights. See Dwares v. City of N.Y. 985 F.2d 94, 100-101 (2d Cir. 1993). Pembaur v. City of Cincinnati".

5. Where the Town officials, the Selectmen and the Town Manager, as policymaking individuals, and in a continuing conduct, in deliberate indifference, in a CUSTOM of the Town, in conscious disregard, failed to supervise the unlawful acts of the police, which amounts to "deliberate Indiference" a viable claim under Monell under 1983.

6. And where in all the cases of the Plaintiff before this Court, there is a CONTINUOUS CONDUCT of the Court to ignore and refuse to rule on or address the Plaintiff's FEDERAL CONSTITUTIONAL CLAIMS. Where instead the Courty uses tacktics based on local rule, to unlawfully deny meritorious claims.

7. And where the Plaintiff's Federal Constitutional claims, of the LAW OF THE LAND, are never ruled on, or decided by the Court there cannot be any res judicata or claim preclusion attached to the case. As the MERITS OF HER CONSTITUTIONAL CLAIMS WERE NEVER ADDRESSED, adjudicated, ruled on, there is No Res Judicata.

8. That under the case of the City of St Louis v. Praporotnik, the UNITED STATES SUPREME COURT accepted the theory, that, "when a final policymaker approved a decision, it would be chargeable to the municipality." That a willful participant in joint activity with its agents, is liable under 1983. That where in Deiberate Indifference the Town refused to address the violations of the Plaintiff's Civil Rights by the police over the years, they participated in joint unlawful activity of the police.

Monell, under 1983 states:

"A municipality is liable where there is a deprivation of a federal right that occurred as a result of a "policy" of the local government or local officials whose acts or INACTIONS may fairly be said to be those of the municipality. That therefore, the municipal acts or inactions were taken with a degree which is causally linked to the deprivation of a federal right". Brown, 117 S. Ct. at 1401".

WHEREFORE; This judge will either allow this lawsuit to move forward before a jury trial as allowed under the Federal Constitution, under 1983, without further delay in a SPEEDY MANNER as mandated under the Sixth Amendment for an 86 year old elderly person, or the judge is a TRESPASSOR of the law of th6e land, and is mandated to step down from this case IMMEDIATELY where another civil rights judge will allow the Plaintiff her Constitutional rights to a trial before a jury of her peers, as allowed under Monell, where the Town is liable for the failure to supervise the actions of the police in a CONTINUING CONDUCT OVER THE YEARS, as proven with the evidence before the court. In a custom and/or policy of deliberate indiffernce, for the Town's inactions and denials a widespread "moving force". And in doing so the Town is in violation of Due Process under the Fourth, Fourteenth, and Sixth Amendment in denial of the Plaintiff's Constitutional rights for a deprivation of her FEDERAL RIGHTS which occurred as a result of a "policy" of the local officials, whose acts are those of the municipality, a claim as allowed under Monell.

Respectfully,

Josephine Amatucci

August 1, 2024 & Feb. 28, 2025

c. Town of Wolfeboro

*Josephine Amatucci*

4

FROM: JOSEPHINE AMATUCC,
P.O. Box 272
WolfeBoro Falls, N.H. 03896

United States District Court
District of N.H.
Office of The Clerk
55 Pleasant St.
Room 110
Concord, N.H. 03301