9242

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Josephine Amatucci

v.

Town of Wolfeboro, et al                Case 24-fp-284

MOTION FOR A SPEEDY TRIAL

1.   The evidence before this Court mandates a SPEEDY TRIAL for the violations of the Plaintiff's Federal Constitutional Rights by the Town of Wolfeboro. Under a Deliberate Indifference claim.

2.    That although the Plaintiff has submitted many Acts of Indifference by the Town, the most outstanding claim which establishes her right to damages against the Town is the incidence that involved Rob Houseman the Town Planner that occurred inside the Town Hall, where the Plaintiff had gone to report the former Police Chief Stuart Chase's assault against her. When Houseman in retaliation grabbed the Plaintiff for complaining about the Police Chief and dragged her in a room and closed the door while he had an employee contact the police to come and get her and arrest her, falsely accusing her of causing a disturbance in the town hall. He falsely IMPRISONED HER. A FELONY. And where there were aggregating factors involved as a result of Houseman contacting the Police Chief Stuart Chase of whom she was complaining at the Town Hall, The Town is also liable for (AFFIRMATIVE LINK) Chase's Acts after Housemen contaced Chase, to have her arrested, the Town is lible for

1

1 OF 9 PAGES

Chase's Acts of following her in his police cruiser while she was going to the Sheriff's office to complain about his Assault against her where she was eventually stopped and false prosecuted for speeding, when speeding is not a crime in New Hampshire.

## THE LAW RULES

3. That according to decsion of the .........'UNITED STATES SUPREME COURT"......in the case of Pembaur v. City of Cincinnati, the Court established that "Municipalities can be held LIABLE even for a single decision that is improperly made". Where the Court stated, "Municipal Liability is limited to actions for which the Municipality is ...."actually responsible.".

4. That the Plaintiff states that even this one incident of the Act of the FORMER Town Planner Rob Houseman, a policymaking official of the Town, of imprisoning the Plaintiff is a viable claim as verified by the "UNITED STATES SUPREME COURT", under Pembaur v. City of Cincinnati, a claim against the Municipality is guaranteed.

5. That where the decision, the particular course of action, to imprison the Plantiff in a room and close the door, was made by the Town Planner Mr. Houseman, a person who establishes government policy, the Plaintiff has a viable claim against the Town, as the municpality is equally responsible for the acts of Houseman, whether the action is to be taken only..... ONCE.... or repeatedly .

6. That therefore the Town of Wolfeboro is liable under 1983.

WHEREFORE: There can be no dispute that this Court will/must IMMEDIATELY allow as mandated under the Sixth Amendment for the elderly, an IMMEDIATE trial, to place the Plaintiff's 1983 claim of a violation of her Federal Constitutional Rights by the Town of Wolfeboro, before a jury of her peers for damages as allowed under 1983. WITHOUT FURTHER DELAY, as the Plaintiff is 86 years old, where under the Sixth Amendment an elderly person is allowed a SPEEDY TRIAL, for ENHANCED DAMGES for her claims of compensatory damages, loss of liberty and physical and emotional distress of the elderly.

2

Respectfully,

Josephine Amatucci

March 12, 2025 & Recently March 15, 2025

c. Town of Wolfeboro

*Josephine Amatucci*

P.S. The Magistrate stated she had no opinion about the bad hiring

3

PUBLIC RECORDS - FREE SEARCH

| First Name | Last Name | SEARCH |

*Granite State News*

## Home » NH Angle

October 23, 2014 1:02PM

### Woman demands Wolfeboro selectmen investigate allegation she was assaulted by by town planner

Source: http://goo.gl/mC6h6t

Josephine Amatucci submitted a copy of a letter to the board demanding an investigation of an incident at Town Hall on May 7 where she claimed that Town Planner Rob Houseman assaulted her and was guilty of "false imprisonment."

CLICK TO VIEW THE SOURCE MATERIAL



### Comments

To improve the chance of seeing your comment posted here or published in the New Hampshire Union Leader:

- Identify yourself. Accounts using fake or incomplete names are suspended regardless of the quality of posts.
- Say something new, stay on topic, keep it short.
- Links to outside URLs are discouraged, if used they should be on topic.
- Avoid comments in bad taste, write well, avoid using all capital letters
- Don't cite facts about individuals or businesses without providing a means to verify the claim
- If you see an objectionable comment please click the "Report Abuse" button and be sure to tell us why.

Note: Comments are the opinion of the respective poster and not of the publisher.

Be the first to comment.

You must sign in before you can post comments. If you are experiencing issues with your account please e-mail abuse@unionleader.com.

### LATEST NEW HAMPSHIRE ANGLE

An aggregation of NH information by the staff and audience of the New Hampshire Union Leader, The Goffstown News, The Bedford Bulletin, The Hooksett Banner and The Salem Observer. Share a news link or start a discussion.

| Courts/Oversight | General News |
|---|---|
| Ex-Wall Street executive wants 2 trials in fatal crash fearing dead fetus will anger jurors | Missing Seabrook girl's bedroom window found 'wide open' — Her mother woke up at 4 a.m. to find Maddie's bedroom window 'wide open' and the girl was nowhere to be found, the newspaper reported. |
| Olson sentencing for fraud delayed again | Medal of Honor winner lived in a NH cave for two years to avoid ungrateful public — He actually lived in a cave in New Hampshire for two years to escape a society he put his life on the line for, but could not understand. |

New Hampshire Events Calendar

search [ ] All categories

» SHARE EVENTS FOR PUBLICATION, IT'S FREE!

A&E   Family   Outdoors   More

Arts and Entertainment

New Art Theatre: In the Shadow of Salem, Manchester, today

Bach's Lunch: Folk Concert with Keith Murphy, Becky Tracy, and David Surette, Concord, today

Joseph and the Amazing Technicolor Dreamcoat, Bedford, today

The Musical Comedy Murders of 1940, Kingston, today

Folk Music of the Civil War Era, Londonderry, today

PSU Jazz Ensemble and Combo, Plymouth, today

Proof, Keene, today

All Shook Up, Manchester, today

Mark Shilansky, jazz piano, Durham, today

In the Next Room (or the vibrator play), Hanover, today

SUBMIT AN EVENT

http://www.newhampshire.com/apps/pbcs.dll/article?AID=/20141023/AGGREGATION/...    11/13/2014

40

spoke to Ms. Amatucci by saying "Hi Ms. Amatucci. How are you today? She responded by saying "Not very good, Honey." She then proceeded to go out back toward the Town Manager's office. I could hear Ms. Amatucci speaking loudly with an unpleasant tone. Pete Chamberlain then came through to head to get Rob Houseman. Rob then came through with Ms. Amatucci and brought her into the court room. The conversation escalated quickly with Mr. Houseman ultimately saying that she could not go into speak to Anne Marble and blocked her from doing so. When Ms. Amatucci attempted to push by Mr. Houseman we called the Wolfeboro Police Department. While awaiting the police Ms. Amatucci told Mr. Houseman that she was going to go talk to the Sherriff and quickly took off."

*Kathy Ferland* [signature]

"False Imprisonment"

Rob Houseman was Fired

See case of Andrews V. Fowler 10/23/1996 where Court of Appeals finds Towns liable for deficient hiring - where Chase was indeed fired as Police Chief in Danvers & Dean Roden accused the Plaintiff & the Town knew of a Traffic Violation that he knew she never committed

3 Serious & Deliberate Actions of the Town

5.)



# WIKIPEDIA
The Free Encyclopedia

# *Pembaur v. City of Cincinnati*

*Pembaur v. City of Cincinnati*, 475 U.S. 469 (1986), is a United States Supreme Court case that clarified a previous case, *Monell v. Department of Social Services* (1978), and established that municipalities can be held liable even for a single decision that is improperly made.

## Background

A physician and owner of a medical clinic in Cincinnati, Ohio was indicted for fraud regarding welfare payments from state agencies. As part of the trial, subpoenas were issued for two clinic employees. The employees failed to appear in court, and warrants were issued for their arrest. Two county deputies went to the clinic to serve the warrants, but the doctor and another employee barred the entrance. Cincinnati officers arrived and attempted to persuade the doctor to open the door.

### Pembaur v. Cincinnati



**Supreme Court of the United States**

**Argued December 2, 1985**
**Decided March 25, 1986**

| | |
|---|---|
| **Full case name** | *Pembaur v. City of Cincinnati* |
| **Citations** | 475 U.S. 469 (https://supreme.justia.com/us/475/469/case.html) (*more*) 106 S. Ct. 1292; 89 L. Ed. 2d 452 |

**Holding**

Following the "official policy" standard set forth in *Monell* establishing municipal liability under 42 U.S.C. §1983, municipal liability may be imposed for a single decision by municipal policymakers under appropriate circumstances; if the decision to adopt a particular course of action is directed by those who establish governmental policy, the municipality is equally responsible whether that action is to be taken only once or repeatedly.

**Court membership**

**Chief Justice**
Warren E. Burger

**Associate Justices**
William J. Brennan Jr. · Byron White
Thurgood Marshall · Harry Blackmun
Lewis F. Powell Jr. · William Rehnquist
John P. Stevens · Sandra Day O'Connor

**Case opinions**

**Majority**



CHASE

6. Ms. Amatucci was then transported to the House of Corrections in Ossipee for processing. I had no contact or conversation with Ms. Amatucci during the incident.

7. During the entire incident, I gave no instructions to Officer Emerson or any other law enforcement personnel to pursue Ms Amatucci or to arrest her. Officer Emerson acted in accordance with his duties and responsibilities as a patrolman, without any instructions or guidance at the time from the Police Chief. Also, I played no role in her subsequent prosecution for speeding and failure to obey police officers.

The above is true to the best of my knowledge, information and belief.

_____
Stuart Chase

STATE OF New Hampshire
COUNTY OF Carroll

Before me on this 24 day of July, 2018, personally appeared the above-subscribed Stuart Chase, and made oath that the statements contained are true and correct to the best of his knowledge, information and belief.

_____
Bruce J Burrows
Notary Public/Justice of the Peace
My Commission Expires: March 29, 2019

BRUCE J. BURROWS, Justice of the Peace
My Commission Expires March 29, 2019

*I was prosecuted for speeding, found not guilty for speeding. Speeding is not a crime in New Hampshire. "A Malicious Prosecution"*

*Chief Chase Guilty*

7 D

speed was unreasonable for the conditions and therefore, under NH statute, the state had failed to prove she was speeding. However, the court also found that she had an obligation to stop for the police, that she failed to do so for over 4 miles and that she was, therefore, guilty of failing to stop for the police. Admitted that plaintiff was validly arrested and prosecuted for speeding and failure to stop. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of whether the plaintiff was truly headed to the sheriff's office for any purpose, but it would not have mattered to them, and therefore deny those allegations. Defendants deny all the remaining allegations of paragraph 9. Also see the response, above, to Paragraph 7. Defendant O'Brien further specifically denies all the allegations against him. His involvement in this matter, contrary to the plaintiff's false and groundless allegations, was extremely limited. Mr. O'Brien responded, as he was legally required to do, to a call from police dispatch that Ms. Amatucci was causing a disturbance at the Town offices. By the time Ofc. O'Brien arrived at the Town offices, Ms. Amatucci had already left. Mr. O'Brien's sole involvement after that was to make a radio call back to police dispatch confirming that Ms. Amatucci was no longer at Town Hall. O'Brien did not make a phone call to Ofc. Emerson, did not call the Sheriff's Department and did not request anyone to chase or stop or arrest Ms. Amatucci. He was not in any way involved in the pursuit of Ms. Amatucci and was not present when she was pursued, stopped or arrested. After Ms. Amatucci was arrested and taken away, Officer O'Brien went to the location of Ms. Amatucci's car to relieve Chief Chase so that Chief Chase did not have to wait for the tow truck to arrive. As to the statement in the police log about Ofc. Emerson trying to stop "her," that was not a quote of Ofc. Emerson's police call to dispatch, but rather a conflation in the log prepared by the dispatcher, William Riley, of Emerson's statement that he was turning around to chase a speeding car (which he did not know was Ms. Amatucci), Officer

*[handwritten annotations: "AND" in right margin; "This verifies my entire First Amend't"; "8" at bottom]*

...ment 190   Filed 12/27/18   Page 24 of 25

The undisputed record in this case demonstrates that the defendants had probable cause to stop Mrs. Amatucci's car for speeding on May 7, 2014, and thus, she cannot succeed on a claim of a violation of her Fourth Amendment right not to be maliciously prosecuted for that speeding offense. Accordingly, and without the necessity of analyzing the second prong of the qualified immunity analysis, defendants are entitled to qualified immunity in regard to the malicious prosecution claims in this case.

### Conclusion

For the foregoing reasons, finds that the defendants have "affirmatively demonstrate[d] that there is no evidence in the record to support a judgment" in Mrs. Amatucci's favor as to her malicious prosecution claim. Celotex Corp., 477 U.S. at 332. Accordingly, the court enters the following Order:

1. The court's September 24, 2018 endorsed order incorrectly identifies the defendants' summary judgment motion as Document No. 139. The clerk's office is directed to amend that endorsed order in the docket of this case to reflect that the defendants' motion for summary judgment is

9

9242

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


Josephine Amatucci

v.

Town of Wolfeboro, et al                    Case 24-fp-284


    ATTACHED IS A COPY OF THE ORIGINAL LETTER THE PLAINTIFF MAILED TO THIS COURT, WHERE THE COURT IS STATING THEY NEVER RECEIVED IT.  HOWEVER, THE PLAINTIFF HAS A POST OFFICE RECEIPT THAT IDENTIFIES THE MAILING OF THE LETTER, TO THE COURT, ON MARCH 12, 2025.  THAT IS, THE COURT HAS THE ORIGINAL MOTION.

    THE PLAINTIFF WOULD LIKE TO REMARK ON THE MAGISTRATE'S STATEMENT "EVEN IF GIVING HER THE BENEFIT THAT THE TOWN MADE BAD HIRING DECISIONS (AN ISSUE ABOUT WHICH THE COURT HAS NO OPINION) THIS CANNOT SERVE AS A CIVIL RIGHTS LAWSUIT AGAINST THE TOWN).

    BAD HIRING IS INDEED A LAWSUIT, IT IS A VIABLE CLAIM OF DELIBERATE INDIFFERENCE, IT IS A DECISION IMPROPERLY MADE, A DECISION WHICH CAUSED THE VIOLATIONS OF THE PLAINTIFF'S CIVIL RIGHTS, WHERE CHASE ACCUSED ME OF SPEEDING, WHEN I WAS NOT SPEEDING, AND HE PROSECUTED ME FOR SPEEDING WHEN SPEEDING IS NOT A CRIME IN NEW HAMPSHIRE.  WHEN DEAN RONDEAU ACCUSED ME OF A TRAFFIC VIOlATION HE KNEW I NEVER COMMITTED AND WHEN RONDEAU ACCUSED ME OF AN ASSAULT WITH BODILY INJURY WHEN HE KNEW THAT THE ALLEGED VICTIM STATED 'HE HAD NO INJURY'.  UNLAWFUL ACTIONS TAKEN BY THOSE WITH POLICYMAKING AUTHORITY.

    IT IS NOTED THAT IN A CONTINUING CONDUCT THE MAGISTRATE IS DOING WHAT MAGISTRATES DO, SHE IS REFUSING TO LITIGATE FEDERAL CONSTITUTIONAL VIOLATIONS. AND WHEN SHE DENIES MY FEDERAL CONSTITUTIONAL RIGHTS, SHE IS TRESPASSING AGAINST THE LAW OF THE LAND, WHERE SHE LOSES ALL JURISDICTION IN THE CASE, MEANING HER DECSIONS ARE VOID OF NO LEGAL FORCE.

    A COPY OF THE PLAINTIFF'S ORIGINAL MOTION MAILED TO THE COURT

ON MARCH 12, 2025 IS ATTACHED FOR SECOND VIEW

1

9242

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


Josephine Amatucci

v.

Town of Wolfeboro, et al                         Case 24-fp-284


    ATTACHED IS A COPY OF THE ORIGINAL LETTER THE PLAINTIFF MAILED TO THIS COURT, WHERE THE COURT IS STATING THEY NEVER RECEIVED IT. HOWEVER, THE PLAINTIFF HAS A POST OFFICE RECEIPT THAT IDENTIFIES THE MAILING OF THE LETTER, TO THE COURT, ON MARCH 12, 2025. THAT IS, THE COURT HAS THE ORIGINAL MOTION.

    THE PLAINTIFF WOULD LIKE TO REMARK ON THE MAGISTRATE'S STATEMENT "EVEN IF GIVING HER THE BENEFIT THAT THE TOWN MADE BAD HIRING DECISIONS (AN ISSUE ABOUT WHICH THE COURT HAS NO OPINION) THIS CANNOT SERVE AS A CIVIL RIGHTS LAWSUIT AGAINST THE TOWN).

    BAD HIRING IS INDEED A LAWSUIT, IT IS A VIABLE CLAIM OF DELIBERATE INDIFFERENCE, IT IS A DECISION IMPROPERLY MADE, A DECISION WHICH CAUSED THE VIOLATIONS OF THE PLAINTIFF'S CIVIL RIGHTS, WHERE CHASE ACCUSED ME OF SPEEDING, WHEN I WAS NOT SPEEDING, AND HE PROSECUTED ME FOR SPEEDING WHEN SPEEDING IS NOT A CRIME IN NEW HAMPSHIRE. WHEN DEAN RONDEAU ACCUSED ME OF A TRAFFIC VIOlATION HE KNEW I NEVER COMMITTED AND WHEN RONDEAU ACCUSED ME OF AN ASSAULT WITH BODILY INJURY WHEN HE KNEW THAT THE ALLEGED VICTIM STATED 'HE HAD NO INJURY'. UNLAWFUL ACTIONS TAKEN BY THOSE WITH POLICYMAKING AUTHORITY.

    IT IS NOTED THAT IN A CONTINUING CONDUCT THE MAGISTRATE IS DOING WHAT MAGISTRATES DO, SHE IS REFUSING TO LITIGATE FEDERAL CONSTITUTIONAL VIOLATIONS. AND WHEN SHE DENIES MY FEDERAL CONSTITUTIONAL RIGHTS, SHE IS TRESPASSING AGAINST THE LAW OF THE LAND, WHERE SHE LOSES ALL JURISDICTION IN THE CASE, MEANING HER DECSIONS ARE VOID OF NO LEGAL FORCE.

    A COPY OF THE PLAINTIFF'S ORIGINAL MOTION MAILED TO THE COURT

    ON MARCH 12, 2025 IS ATTACHED FOR SECOND VIEW

1

9242

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Josephine Amatucci

v.

Town of Wolfeboro, et al                Case 24-fp-284


ATTACHED IS A COPY OF THE ORIGINAL LETTER THE PLAINTIFF MAILED TO THIS COURT, WHERE THE COURT IS STATING THEY NEVER RECEIVED IT. HOWEVER, THE PLAINTIFF HAS A POST OFFICE RECEIPT THAT IDENTIFIES THE MAILING OF THE LETTER, TO THE COURT, ON MARCH 12, 2025. THAT IS, THE COURT HAS THE ORIGINAL MOTION.

THE PLAINTIFF WOULD LIKE TO REMARK ON THE MAGISTRATE'S STATEMENT "EVEN IF GIVING HER THE BENEFIT THAT THE TOWN MADE BAD HIRING DECISIONS (AN ISSUE ABOUT WHICH THE COURT HAS NO OPINION) THIS CANNOT SERVE AS A CIVIL RIGHTS LAWSUIT AGAINST THE TOWN).

BAD HIRING IS INDEED A LAWSUIT, IT IS A VIABLE CLAIM OF DELIBERATE INDIFFERENCE, IT IS A DECISION IMPROPERLY MADE, A DECISION WHICH CAUSED THE VIOLATIONS OF THE PLAINTIFF'S CIVIL RIGHTS, WHERE CHASE ACCUSED ME OF SPEEDING, WHEN I WAS NOT SPEEDING, AND HE PROSECUTED ME FOR SPEEDING WHEN SPEEDING IS NOT A CRIME IN NEW HAMPSHIRE. WHEN DEAN RONDEAU ACCUSED ME OF A TRAFFIC VIOIATION HE KNEW I NEVER COMMITTED AND WHEN RONDEAU ACCUSED ME OF AN ASSAULT WITH BODILY INJURY WHEN HE KNEW THAT THE ALLEGED VICTIM STATED 'HE HAD NO INJURY'. UNLAWFUL ACTIONS TAKEN BY THOSE WITH POLICYMAKING AUTHORITY.

IT IS NOTED THAT IN A CONTINUING CONDUCT THE MAGISTRATE IS DOING WHAT MAGISTRATES DO, SHE IS REFUSING TO LITIGATE FEDERAL CONSTITUTIONAL VIOLATIONS. AND WHEN SHE DENIES MY FEDERAL CONSTITUTIONAL RIGHTS, SHE IS TRESPASSING AGAINST THE LAW OF THE LAND, WHERE SHE LOSES ALL JURISDICTION IN THE CASE, MEANING HER DECSIONS ARE VOID OF NO LEGAL FORCE.

A COPY OF THE PLAINTIFF'S ORIGINAL MOTION MAILED TO THE COURT

ON MARCH 12, 2025 IS ATTACHED FOR SECOND VIEW

1

From: Josephine Amatucci
P.O. Box 272
Wolfeboro Falls, N.H. 03896




CERTIFIED MAIL
7022 3330 0001 2492 5784
Retail
U.S. POSTAGE PAID
FCM LG ENV
WOLFEBORO FALLS
NH 03896
MAR 14, 2025
$7.44
RDC 99
03301
S2324K500781-01

BC
3/15

United States District Court
District of New Hampshire
Office of the Clerk
55 Pleasant St.
Room 110
Concord, New Hampshire 03301

FIRST CLASS