FILED - USDC -NH
2025 MAR 18 AM 11:42

9244

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Josephine Amatucci

v.

Town of Wolfeboro, Selectmen et al

Town Manager          Case 24-284-SM   OR NEW CAUSE OF ACTION
See NEW JURISDICTION Sheet

THE PLAINTIFF'S CLAIM OF DELIBERATE INDIFFERENCE

1.   It is to be noted that the Plaintiff's claims in this case are claims under Deliberate

Indifference, claims under 1983 in violation of the Federal Constitutional, of the Fourth

Amendment and Fourteenth Amendment. That the Court NEVER addressed, ajudicated,

or ruled on the Plaintiff's claim of DELIBERATE INDIFFERENCE, a Federal claim, in violation of

the Plaintiff's Civil Rights. A claim which is still active in this case.

2.   That although the Plaintiff has cited many examples of Deliberate Indifference Acts

by the defendants, in her claims before the court, such as the "Hiring Decision" of the

Town officials to hire two police chiefs in a row with criminal backgrounds, where the Town

had a duty to closely review their backgrounds for evidence of potential constitutional

vioaltions and when they neglected this duty it was a foreseeable reasonable negligence,

of a key to LIABILITY of the Town, in Deliberate Indifference. Where the Town was the

moving force, the causal link behind the Plaintiff's injuries by the FORMER Police Chiefs,

Stuart Chase and Dean Rondeau. Where a potential constitutional violation against the

Plaintiff was foreseeable, by Chase and Rondeau. Where Chase prosecuted her for

speeding when speeding is not a crime in New Hampshire, when Chase went inside my car

1

2 OF 12 PAGES

without a warrant and stole evidence I had of he criminal act of Rondeau, and where Rondeau twice accused me of criminal acts that HE KNEW I never committed, of a traffic violation in Wolfeboro where he contacted the DMV to have me re-tested in an effort to have my license to drive revoked, when I was able to prove I was not in NH that day and proved it, by showing a deposit slip where I made a deposit in Massachusetts at the same time I was suppose to be in Wolfeboro. Besides falsely accusing me of an Assault when the evidence was before him that the alleged victim of the Assault, stated he had NO INJURY.

## CITY OF CANTON V. HARRIS

3.  In this case the Court agreed that "THERE BE STRICTER HIRING." Where the Court analyzed Deliberate Indifference as "A municipality is liable if they acted recklessly, and intentionally showing a causal link when there is reckless disregard".

## PEMBAUR V. CITY OF CINCINNATI
## 475 US 480 (1986)

4.  Where the Court stated in this case.... "That it is not necessary for the Plaintiff to prove that the municipality followed a particular course of action, but rather a............. "SINGLE" ACTION" ........... taken by the municipality is sufficient to expose it to liability. The............ SINGLE ACTION......in this case was the ACTION of the FORMER Woleboro Director of Planning, who was forced to step down, Mr. Rob Houseman, a policymaking officials, whose Acts agaisnt the Plaintiff constituted consciencious acts of DELIBERATE INDIFFERENCE, when he acted in disregard of the Plaintiff's constitutional rights, when she went to the Town Hall to complain about the unlawful acts of Police Chief Stuart Chase against her, that had just occurred in the police station, and where instead of supporting the Plaintiff Mr. Houseman instead forced her in a room, closed the door, while he had the police department contacted, accusing her of causing a disturbance in the town hall. To have her arrested. T hat his act of forcing her in the room, was that of a claim of false imprisonment.

An Act where the Court in the case of Pembaur v. City of Cincinnati ruled that even a .......''SINGLE ACTION ......by a municipal policymaker, (Houseman) is sufficient to expose the Town to LIABILITY under DELIBERATE INDIFFERENCE, in violation of her Fourth and Fourteenth Amendment Rights, under Due Process. Where policymaking official Rob Houseman had ....."NO PROBABLE CAUSE" to grab the Plaintiff and put her in a room and close the door, where he had no probable cause to imprison the Plaintiff, for her expression of her First Amendment Rights against Chief Chase, to defend herself against Police Chief Stuart Chase's actions against her, of an Assaut in the police station, and threatening her that if she ever accusing his men of misconduct he will get her and arrest her on the spot, which he did.

5.    That the Plaintiff states that Houseman's acts were the causal effect of Stuart Chase Acts of following the Plaintiff to the Sheriff's Dept. as she advised the Town offcials before she escaped from the Town Hall, where Houseman's attempted to hold her, until the police arrived, that she advised the Town officials before she left the Town Hall, tht she was going to the Sheriff's office, and the causal effect of what occurred in the Town hall, was that Chief Chase followed her with his lights on, to stop her from reaching the Sheriff's office, and when he stopped her, he falsely accused and prosecuted her for speeding. At the trial for speeding, the Judge found her NOT GUILTY OF Speeding, especially when speeding is NOT A CRIME IN NEW HAMPSHIRE. This was all the CAUSAL EFFECT OF HOUSEMAN'S ACTIONS TOWARD HER, a causal effect of he acts under DELIBERATE INDIFFERENCE claim as allowed under 1983. Which allows damages, under the violations of the Federal Constitution's Fourth and Fourteenth Amendment . .

CAMILO-ROBLES ZAPATA

(lst Circuit 1999)

6.    Here the Court stated ...."Evidence will show the DIRECT participation through the

3

the Town conduct that amounted to condonation or tacit authorization. That therefore, Rob Houseman's direct participation in the denial of the Plaintiff's FEDERAL CONSTITUTIONAL RIGHTS, was a tacit authorization for DELIBERATE INDIFFERENCE.

WHEREFORE: Under the Federal Constitution, the law of the land, this Court is mandated and without further delay, to put her claims of Deliberate Indifference before a jury of her peers, for damages, as allowed under 1983, and under the Sixth Amendment or a SPEEDY TRIAL for the elderly, OR the law orders tht this Judge step down from this case, as he will lose jurisdiction if he denies her her Federal Constitutional Rights, and the case will be transferred to another judge who will not/ shall not, violate the Plaitniff's Federal Constitutional rights, and allows her the rights to damages under 1983 for the Deliberate Indifference Acts of the Town and Officials.

Respectfully,

Josephine Amatucci

March18, 2025

c. Town of Wolfeboro

*Josephine Amatucci*

FILED - USDC -NH
2025 MAR 18 AM 11:42

# Attention

If the Court claims to dismiss this case under 24-284-SM

Please see attached a new cause of action for this court to adjudicate her viable deliberate indiff. lawsuit under a federal violation

That all this information pertains to her deliberate indifferent fed. claim under 1983
And under one act of Rob Houseman allowed under case of Pembaur v. City of Cincinnati

1 of 12 pages total